J-S02026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC PATTERSON | : | |
| | : | |
| Appellant | : | No. 186 EDA 2023 |

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008949-2018

BEFORE:  LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 5, 2024**

Eric Patterson (Appellant) appeals from the order denying his first

petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.

§§ 9541-9546.  We affirm.

This Court previously detailed the underlying facts:

On the afternoon of October 31, 2018, Officer Anthony Hurley, an eleven-year veteran of the Philadelphia police force, received a radio call that there was an individual wearing a black jacket and blue pants with a gun in the area of a drug treatment facility on 2558 North Front Street in Philadelphia.  When Officer Hurley arrived on the scene, a security guard and two other individuals were pointing at [Appellant], who was walking nearby on Huntingdon Street, and informed Officer Hurley that [Appellant] had pointed his gun at the security guard.  Officer Hurley approached [Appellant], who was wearing a black jacket and blue pants, in his police vehicle and asked [Appellant] to come over to his vehicle.  [Appellant] complied, and Officer Hurley

_____

[*] Former Justice specially assigned to the Superior Court.

patted [Appellant] down in order to determine whether he had a gun on his person. Office[r] Hurley asked [Appellant] what had happened, to which [Appellant] responded that he had gotten into an argument with the security guard because the drug treatment facility had refused to give him treatment.

Officer Hurley then placed [Appellant] in the backseat of the police vehicle so that he could go to speak with the witnesses. Before leaving to speak with the witnesses, however, Officer Hurley noticed [Appellant] fidgeting in the back seat of the vehicle. Officer Hurley then opened the door to the police vehicle and observed [Appellant] attempting to hide a gun magazine under the back seat. Officer Hurley recovered the magazine, which contained seven live rounds of .9mm bullets, and then handcuffed [Appellant]. Subsequently, Officer Hurley noticed a firearm holster on the sidewalk approximately 15 to 20 feet from where Officer Hurley had originally stopped [Appellant]. Officer Hurley also discovered a loaded firearm on top of a box in a trashcan approximately 5 feet from where the firearm holster was recovered. The ammunition in the magazine fit and functioned in the gun that was recovered. Thereafter, [Appellant], who had previously committed an enumerated felony that prohibited him from possessing a firearm, was placed under arrest.

***Commonwealth v. Patterson***, 256 A.3d 1, 1252 EDA 2020 (Pa. Super. 2021) (unpublished memorandum at 1-3) (citation and brackets omitted).

The Commonwealth charged Appellant with persons not to possess firearms[1] (firearms prohibited), as well as two other firearms offenses that the Commonwealth subsequently withdrew. On April 29, 2019, Appellant filed a pre-trial motion to suppress (suppression motion) the physical evidence and Appellant's statements to Officer Hurley, claiming the Officer subjected him to an unlawful stop and frisk, and improperly questioned him without first

---

[1] 18 Pa.C.S.A. § 6105(a).

providing the required **Miranda**[2] warnings.[3]  The trial court denied the suppression motion after a hearing on May 31, 2019.

As we discuss further below, Appellant rejected the Commonwealth's pre-trial guilty plea agreement offer (proposing a sentence of two to four years in prison) on the record, after an oral colloquy.  **See** N.T., 8/20/19, at 11-14. During the colloquy, Appellant confirmed that 1) he takes prescription Zyprexa for "anxiety, depression"; and 2) this medicine would not influence his ability to understand the proceedings and make knowing decisions.  **Id.** at 10-11. The trial court found that Appellant had rejected the plea offer knowingly, intelligently, and voluntarily.  **Id.** at 14.

A jury convicted Appellant of firearms prohibited on August 21, 2019. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report (PSI) and a mental health evaluation.[4]

---

[2] **See Miranda v. Arizona**, 384 U.S. 436 (1966) (holding that statements obtained from defendants during a custodial interrogation, without full warning of constitutional rights, are inadmissible under the Fifth Amendment).

[3] Appellant was represented by several attorneys with the Defender Association of Philadelphia prior to trial, at trial, and in post-trial proceedings. We collectively refer to these attorneys as "trial counsel."

[4] Although the original certified record did not contain Appellant's PSI or mental health evaluation, the trial court included them in a supplemental record filed in this Court on February 9, 2024.

On February 7, 2020, the trial court sentenced Appellant to 10 to 20 years in prison.[5] Appellant timely filed a post-sentence motion (PSM) for reconsideration of sentence, which explained an incident that occurred at sentencing:

> After [Appellant's] allocution and as [the trial court] began to render the sentence, [Appellant] interrupted with an expression of disfavor, eventually completely lost his temper and proceeded to scream profanities at [the trial court,] while imitating the sound of gunshots. [The trial court] ordered [Appellant] to be removed from the courtroom.

PSM, 2/18/20, ¶ 11; *see also* N.T., 2/7/20 (sentencing), at 44 (trial court responding to Appellant's outburst by stating, "For the record[, Appellant] just shouted repeated profanities at me, gave me the finger, and acted in a way that I deem to be a threat.").[6] In the PSM, Appellant expressed remorse for his outburst and asked the trial court to "interpret [Appellant's] outburst as a cry for help and not a reflection of his character or true potential." PSM, 2/18/20, ¶ 14; *see also id.* (stating Appellant "takes 15mg of Zyprexa at night, which 'should work' through the next day" for his mental health conditions, but clarifying that Appellant nevertheless "does not blame" his

---

[5] As we discuss further below, the sentence constituted an upward departure from the sentencing guidelines range. *See* N.T., 2/7/20, at 49.

[6] The trial court found Appellant in contempt of court and sentenced him to three to six months in prison, consecutive to the sentence for firearms prohibited, "for his outrageous behavior that he [] exhibited during this sentencing hearing." N.T., 2/7/20, at 44.

mental health conditions for his outburst at sentencing). The trial court denied the PSM on June 9, 2020.

Appellant timely filed a direct appeal, raising two claims: 1) the trial court erred in denying Appellant's suppression motion, where Officer Hurley frisked and questioned Appellant without first providing **Miranda** warnings; and 2) the court improperly permitted admission of certain out-of-court statements into evidence that were inadmissible under the rule against hearsay and did not meet any exception. **Patterson**, 256 A.3d 1 (unpublished memorandum at 5-6). This Court rejected Appellant's claims and affirmed the judgment of sentence. **Id.** (unpublished memorandum at 6-18). Appellant petitioned the Pennsylvania Supreme Court for allowance of appeal; the Supreme Court denied the petition. **Commonwealth v. Patterson**, 265 A.3d 200 (Pa. 2021).

On January 4, 2022, Appellant, *pro se*, filed the instant, timely PCRA petition, his first. The PCRA court subsequently appointed Appellant counsel, who filed an amended PCRA petition on May 4, 2022, raising four allegations of trial counsel's ineffectiveness. Amended PCRA Petition, 5/4/22, ¶ 32.

The Commonwealth filed a motion to dismiss the PCRA petition on October 11, 2022, asserting all of Appellant's ineffectiveness claims lacked merit. **See** Motion to Dismiss, 10/11/22, at 5-16. On November 3, 2022, the

PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without an evidentiary hearing.[7]  Appellant did not respond.

On January 6, 2023, the PCRA court denied Appellant's PCRA petition, without an evidentiary hearing.  This timely appeal followed.  Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents five issues for review:

I.  [Whether] trial counsel provided ineffective assistance of counsel for failing to advance a meritorious ***Miranda*** theory to suppress[?]

II.  [Whether] trial counsel provided ineffective assistance of counsel for failing to properly advise Appellant concerning the plea offer[?]

III.  [Whether] trial counsel provided ineffective assistance of counsel for neglecting to do any investigation regarding Appellant's mental health[,] which led to Appellant being tried while incompetent[?]

IV.  [Whether] appellate counsel provided ineffective assistance for failing to appeal [the] denial of Appellant's [PSM] to reconsider Appellant's excessive sentence[?]

V.  [Whether] the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues presented in the amended PCRA petition[?]

Appellant's Brief at 8 (issues reordered; capitalization modified).

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error."

---

[7] In the Rule 907 notice, the PCRA court detailed its reasons for concluding each of Appellant's ineffectiveness claims lacked merit.  Rule 907 Notice, 11/3/22, at 1-2 (unpaginated).

*Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023) (citing *Commonwealth v. Housman*, 226 A.3d 1249, 1260 (Pa. 2020)). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011) (citation omitted).

Appellant raises claims of ineffective assistance of counsel. "[W]e begin, as we must, with the presumption that counsel acted effectively." *Johnson*, 289 A.3d at 979 (citing *Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013)); *see also Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and quotation marks omitted)).

> A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)).

In order to establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice

- 7 -

measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

Here, Appellant argues in his first issue that the PCRA court improperly denied relief on his claim of trial counsel's ineffectiveness for "failing to advance a meritorious ***Miranda*** theory to suppress under both the functional equivalent of an arrest and functional equivalent of an interrogation theories." Appellant's Brief at 17 (capitalization modified); ***see also id.*** at 17-25. Appellant concedes that trial counsel filed a suppression motion claiming that (1) "[Appellant] was subjected to a custodial interrogation, and [police] failed to give him ***Miranda*** warnings"; and (2) police "lacked probable cause to arrest Appellant at the scene…." ***Id.*** at 18; ***see also*** Suppression Motion, 4/29/19. Nevertheless, Appellant claims he is entitled to relief on his instant claim of trial counsel's ineffectiveness for failing to raise a "meritorious" claim in the suppression motion respecting the ***Miranda*** issue. ***See*** Appellant's Brief at 17-18, 24. Specifically, Appellant contends that the theories of relief he presently contends trial counsel was ineffective for failing to raise in the

suppression motion (*i.e.*, "the functional equivalent of an arrest and functional equivalent of an interrogation theories" *id.* at 17), are distinct from the "frivolous" theory that trial counsel actually litigated. *Id.* at 24 ("During Appellant's suppression hearing, trial counsel's argument focused solely on the fact that Officer Hurley lacked probable cause to place Appellant in the … patrol car, and once Appellant was placed in the patrol car, he should have been read his *Miranda* warnings."); *see also* Memorandum of Law in Support of Amended PCRA Petition, 5/4/22, at 15, 20-21.

To be eligible for relief under the PCRA, the petitioner must show that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). "An issue is previously litigated if 'the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue.'" *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (quoting 42 Pa.C.S.A. § 9544(a)(2)). Notably, our Supreme Court has stated that a PCRA petitioner "cannot obtain post-conviction review of claims that were previously litigated by alleging ineffectiveness of prior counsel and **presenting new theories to support the previously litigated versions of the claims**." *Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa. 2001) (emphasis added; citations omitted); *see also Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002) ("a PCRA petitioner cannot obtain review of claims that were previously litigated by

presenting new theories of relief, including allegations of ineffectiveness, to relitigate previously litigated claims.").

Here, trial counsel's suppression motion raised a claim that police subjected Appellant to a custodial interrogation without **Miranda** warnings. **See** N.T., 6/3/19 (suppression hearing), at 4 (trial counsel stating that the grounds for suppression of evidence was "that it was a custodial interrogation, and that [Appellant's] **Miranda** rights were not read to him."). Appellant's appellate counsel challenged the trial court's denial of the suppression motion on direct appeal, **see Patterson**, 256 A.3d 1 (unpublished memorandum at 6), and this Court rejected the claim. **Id.** at 10 (holding "Officer Hurley's initial questioning of Appellant … was not a 'custodial interrogation' such that the officer was required to first administer [Appellant] his **Miranda** warnings."); **see also id.** (additionally holding, "we do not find that when Officer Hurley placed [Appellant] in his police cruiser that the investigative detention transformed into a custodial arrest, and thus, required the suppression of all evidence seized thereafter." (footnote omitted)).

Accordingly, as Appellant's underlying claim was previously litigated and rejected, he is not entitled to relief on his instant claim of trial counsel's

ineffectiveness.[8]  **See Lambert**, 797 A.2d at 240 (PCRA petitioners cannot obtain PCRA relief on previously litigated claims by "presenting new theories to support the previously litigated versions of the claims."); 42 Pa.C.S.A. § 9543(a)(3).  Thus, Appellant's first issue does not merit relief.

In his second issue, Appellant argues the PCRA court improperly denied relief on his claim of trial counsel's ineffectiveness for "fail[ing] to properly advise Appellant" with respect to the Commonwealth's pre-trial guilty plea agreement offer.  Appellant's Brief at 25.  Appellant asserts that, but for trial counsel's failure to adequately advise about the plea offer and the consequences of proceeding to trial, Appellant would have accepted the plea agreement.  **Id.** at 26-27.  According to Appellant, trial counsel (1) "gave no advice as to whether [Appellant] should accept the plea offer or not"; (2) "had no reasonable basis for going to trial"; and (3) "should have had a conversation [with Appellant] about the likelihood of conviction and the potential sentence length before rejecting the [plea] offer and presenting an

---

[8] Moreover, we are persuaded by the Commonwealth's following argument:

> [Appellant] claims that trial counsel was ineffective for not arguing in his suppression motion that [Appellant] was subjected to the "functional equivalent" of an arrest and interrogation.  Brief for Appellant at 19.  However, in arguing that interaction was the "functional equivalent" of an arrest is legally indistinguishable from arguing that the interaction was an "actual" arrest, which trial counsel did.

Commonwealth Brief at 7.

implausible defense at trial." *Id.* at 27. Appellant claims that if he "had the benefit of adequate advice of counsel, Appellant would have understood that … [the Commonwealth's plea] offer was a very favorable offer, and that he was likely to be convicted at trial." *Id.*; *see also id.* at 25 (noting the plea offer proposed a sentence of 2 to 4 years in prison and Appellant received a sentence of 10 to 20 years).

The Commonwealth counters that the PCRA court properly denied relief on Appellant's ineffectiveness claim, where the "record clearly establishes that [Appellant] was aware of the plea offer, discussed it with his attorney, and made his own knowing, intelligent, and voluntary decision to reject that plea." Commonwealth Brief at 10. The Commonwealth further argues Appellant "cannot invalidate his guilty plea by claiming that he lied to the [c]ourt when he testified that no promises were made [to Appellant] in exchange for his open guilty plea." *Id.* at 10-11.

"The right to effective assistance of counsel during the plea bargaining process has been recognized for decades." *Commonwealth v. Feliciano*, 69 A.3d 1270, 1276 (Pa. Super. 2013) (citing, *inter alia*, *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." (citation omitted)); *see also Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." (citations omitted)).

- 12 -

A PCRA petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate that

> [b]ut for the ineffective advice of counsel[,] there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015) (quoting *Lafler*, 566 U.S. at 164).

Instantly, the trial court colloquied Appellant on the record as follows with respect to the Commonwealth's plea offer:

> THE COURT: [] I don't know your whole record.  I know you had three prior [convictions of possession of a controlled substance with intent to deliver]….  But … for some reason the Commonwealth is offering you a [guilty plea agreement that constitutes a] departure below the [sentencing] guidelines.  **If you get convicted, the lowest standard range sentence I can give you is …** [**6**] **to 12 years** [**in prison**]….  That's a guideline sentence.  And 7 and a half to 15 years would be within the standard range of the guidelines.  The low end of the mitigated range of the guidelines, if I were to for some reason decide to go down to the bottom of the mitigated range, that would be five to ten years.
>
> [Appellant]:  Yes, sir.
>
> THE COURT:  **The Commonwealth is offering you two to four years** [**in prison**]**, which would be a departure well below the** [**sentencing**] **guidelines and something you would not** be, as [trial] counsel I'm sure explained to you, not **be likely to get ordinarily after a conviction by a jury**.  But **you understand all of that; right?**
>
> [Appellant]:  **Yes, sir.**

THE COURT:  Have you had a full and fair opportunity to consider this offer and to talk to your lawyer about it?

[Appellant]:  Like the reason why — like usually I take full responsibility and plead guilty and all that, but in this case I'm not guilty.  So like I feel like I shouldn't plead guilty to something that I'm not [] guilty for.  So that's the reason why I didn't accept the offer that I was offered.

THE COURT:  You won't get an argument from me about that.  If you didn't do it, you absolutely should not plead guilty.

[Appellant]:  Yes, sir.

THE COURT:  I mean, there's no law that would prevent you from doing that, but I would certainly understand why you wouldn't want to take your case to a jury.

[Appellant]:  Yes, sir.

* * *

THE COURT:  Okay.  …  But **you had a full chance to talk to your lawyer about it and having done that it's your decision to reject the offer and proceed to trial?**

[Appellant]:  **Yes, sir.**

THE COURT:  Has anybody promised you anything or used any kind of force against you or threatened you in any way or coerced you in any way to get you to reject this deal?

[Appellant]:  No, sir.

THE COURT:  Okay.  I'm satisfied that's a knowing, intelligent, and voluntary rejection of the offer.  We'll proceed to a jury trial.  …

N.T., 8/20/19, at 11-14 (emphasis added).

Moreover, immediately prior to the above colloquy, the trial court stated

to Appellant:

> I'm not going to put any pressure on you to take this [plea offer] deal. That's up to you. … If there was so much [inculpatory] evidence that you had zero chance [of acquittal], you still have a right to have a jury listen to your case and make a decision.

*Id.* at 9.

Based on the foregoing, the record belies Appellant's claim that trial counsel provided him inadequate advice with respect to the plea offer.[9] *See id.* at 9, 11-14. It is well settled that "one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." *Commonwealth v. Muhammad*, 21, 794 A.2d 378, 384 (Pa. Super. 2002) (citing *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996)). Accordingly, we conclude the PCRA court did not abuse its discretion in denying Appellant's instant claim of trial counsel's ineffectiveness based on the plea offer. *See*, *e.g.*, *Commonwealth v. Cappelli*, 489 A.2d 813, 819 (Pa. Super. 1985) (*en banc*) (holding PCRA court properly denied relief on appellant's claim that his "trial counsel was ineffective for promising appellant that he would receive a lesser sentence" if he chose to accept the Commonwealth's guilty plea offer, where the trial court thoroughly colloquied appellant with respect to the plea offer). Appellant's second issue does not merit relief.

---

[9] The record further belies Appellant's claim that "the trial court's colloquy concerning the plea offer was defective…." Appellant's Brief at 28.

In his third issue, Appellant contends the PCRA court improperly denied relief on his claim of trial counsel's ineffectiveness for "neglect[ing] to do any investigation regarding Appellant's mental health[,] which led to Appellant being tried while incompetent." Appellant's Brief at 30 (capitalization modified). Appellant claims that had trial counsel

> conducted a thorough investigation into Appellant's hospitalizations and medical records, he would have found that Appellant is bipolar and schizophrenic. Trial counsel should have requested a competency hearing to present Appellant's mental health issues and assess Appellant's competency to stand trial.

*Id.* at 31. According to Appellant,

> [p]rior to trial, Appellant informed his trial counsel that he had mental health issues, had been institutionalized for such issues, and was currently taking medication. Despite this knowledge, trial counsel failed to conduct any investigation of those hospitalizations beyond asking him what institution he went to.

*Id.* Appellant claims that his "incompetency is demonstrated through his [above-described hostile] behavior at sentencing." *Id.* at 32.

The Commonwealth counters that "[b]ecause [Appellant] has offered no evidence that he was, in fact, incompetent at trial, he failed to show that he was prejudiced by trial counsel's decision not to investigate his mental health." Commonwealth Brief at 11. "To the contrary, the trial record reflects that [Appellant] clearly understood the proceedings and actively participated in steering his own defense." *Id.* at 12. The Commonwealth emphasizes that although Appellant informed the trial court during the plea offer colloquy that he took prescription Zyprexa for his mental health conditions, Appellant

confirmed that the medication did not impact his decision making or ability to understand the proceedings. *Id.*; *see also* N.T., 8/20/19, at 10-11.

Preliminarily, we acknowledge Appellant did not raise on direct appeal a challenge to his competency to stand trial. However, our Supreme Court has explained:

> While an [a]ppellant's failure to raise a claim on direct appeal generally results in waiver of that claim under the PCRA, "[a] failure to raise on direct appeal a claim that the appellant was incompetent at the time of trial does not constitute a waiver of that claim for purposes of the PCRA."

*Commonwealth v. Bomar*, 104 A.3d 1179, 1194 (Pa. 2014) (quoting *Commonwealth v. Brown*, 872 A.2d 1139, 1153 (Pa. 2005) (plurality)).

"A defendant is presumed to be competent to stand trial" and it is the defendant's burden to prove "by a preponderance of the evidence that he was incompetent to stand trial." *Commonwealth v. Rainey*, 928 A.2d 215, 236 (Pa. 2007) (citations omitted); *see also Commonwealth v. Uderra*, 862 A.2d 74, 88 (Pa. 2004) (stating a trial court is only required to order a competency hearing if there "is reason to doubt the defendant's competency."). In order to prove incompetence, a defendant "must establish that he was either unable to understand the nature of the proceedings against him or to participate in his own defense." *Rainey*, 928 A.2d at 236; 50 P.S. § 7402(a) (incompetence to proceed on criminal charge); *see also Commonwealth v. Blakeney*, 108 A.3d 739, 752 (Pa. 2014) ("Competency to stand trial is measured by the relationship between counsel and client: To

be deemed competent, the defendant needs to have the ability to consult with counsel with a reasonable degree of understanding, in order to participate in his defense, and he must be able to understand the nature or object of the proceedings against him.").

In the instant case, the PCRA court rejected Appellant's ineffectiveness claim based on trial counsel's failure to challenge Appellant's competency to stand trial, reasoning as follows:

> Here, [Appellant] proffered no expert evidence to establish that he was incompetent at the time of his trial. Instead, [Appellant] cited his previous hospitalizations and disorders, which, at most, support an argument that an evaluation should have been done; not that [Appellant] would have been found to have been incompetent. Accordingly, no relief is due. **See Rainey**, 928 A.2d at 236-37 ("even if counsel had no reasonable basis to decline to pursue a competency evaluation, [defendant] fails to articulate how he was prejudiced because he cannot establish that had counsel requested an evaluation and hearing, the outcome of the [proceedings] would have changed").

PCRA Court Opinion, 3/27/23, at 8-9 (footnote omitted).

Our review reveals the PCRA court's foregoing reasoning is supported by the record and the law. **See id.** Even if trial counsel "had no reasonable basis to decline to pursue a competency evaluation, [Appellant] fails to articulate how he was prejudiced because he cannot establish" that the trial court would have found Appellant met his burden of proving his incompetency, had trial counsel raised a competency challenge. **Rainey**, 928 A.2d at 236-37; **see also Commonwealth v. Tyson**, 402 A.2d 995, 997 (Pa. 1979) (superseded by statute on other grounds) ("Even though one has a history of

mental illness that person may, at a given time, be competent to stand trial and may have been legally sane at the time of the commission of the crime."). Accordingly, we conclude the PCRA properly denied relief on Appellant's instant claim of trial counsel's ineffectiveness. Appellant's third issue fails.

In his fourth issue, Appellant argues the PCRA court abused its discretion in denying relief on his claim of appellate counsel's ineffectiveness for failing to challenge on direct appeal the denial of the PSM seeking reconsideration of Appellant's purportedly excessive sentence. **See** Appellant's Brief at 34-38. According to Appellant, the sentencing court "unfairly reacted to Appellant's outbursts during sentencing, and as a result, Appellant received an excessive sentence." **Id.** at 38.

Appellant's claim of appellate counsel's ineffectiveness implicates the discretionary aspects of sentencing. Such a claim is cognizable under the PCRA. **Commonwealth v. Sarvey**, 199 A.3d 436, 455 (Pa. Super. 2018) ("claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA.").

Sentencing "is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Barnes**, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that

the action is a result of partiality, prejudice, bias or ill will." ***Commonwealth***

***v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (citation omitted).

The Pennsylvania Supreme Court has explained:

The reason for … [our] deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (citations and

quotation marks omitted).

"In every case where a sentencing court imposes a sentence outside of

the sentencing guidelines, the court must provide in open court a

contemporaneous statement of reasons in support of its sentence."

***Commonwealth v. Shull***, 148 A.3d 820, 835-36 (Pa. Super. 2016) (citation

omitted). When doing so,

a trial judge … [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation

and brackets omitted); 42 Pa.C.S.A. § 9721(b) ("[g]eneral standards" to

consider in imposing sentence); *see also Commonwealth v. Snyder*, 289 A.3d 1121, 1127 (Pa. Super. 2023) (emphasizing the sentencing guidelines are "purely advisory in nature" (citation omitted)). Indeed, this Court has explained the sentencing guidelines

> have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

*Commonwealth v. Holiday*, 954 A.2d 6, 13 (Pa. Super. 2008) (citation omitted). *But see also Commonwealth v. Rodda*, 723 A.2d 212, 216 (Pa. Super. 1999) (*en banc*) (holding the record must demonstrate "with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.").

Finally, where a PSI report exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (holding where the sentencing court considered all relevant factors and was "fully informed by the [PSI], the sentencing court's discretion should not be disturbed.")).

Here, the PCRA court rejected Appellant's ineffectiveness claim based on appellate counsel's failure to challenge on appeal the denial of Appellant's sentencing challenge, reasoning as follows:

[I]n fashioning an appropriate sentence, **the court explicitly considered everything presented throughout the history of the case and during the sentencing hearing.** N.T., 2/7/2020, at 45. The court considered the sentencing guidelines, as well as the prior record score []. *Id.* at 45. **The court also considered all of the mitigating evidence that was submitted on behalf of [Appellant], including the information submitted by defense counsel and the testimony of [Appellant's] two relatives.** *Id.* at 45-46. In addition, the court reviewed and analyzed the required statutory sentencing factors, including the need for the protection of the public, the gravity of the offense in relation to the impact on the victim and on the community, and [Appellant's] rehabilitative needs. *Id.* at 46-47. In addition, the court delineated and weighed both the mitigating and aggravating factors in the case. *Id.* at 47-49.

The sentence imposed by the court was manifestly reasonable. **Although the court departed above the guidelines, the sentence was well-justified for the reasons explained by the court during the sentencing hearing.** The court emphasized [that Appellant's] prior record score substantially understated [Appellant's] criminality for several reasons. First, [Appellant] had 11 prior record score points, [but] the maximum that could be reflected in the prior record score was 5. *Id.* at 47-48. In addition, he had 2 juvenile arrests, 13 adult arrests, and 8 probation violations with 6 revocations of probation, all by the age of 28. *Id.* at 48. **The court noted his history of rapid recidivism, with [Appellant] repeatedly coming out of prison and immediately committing other crimes.** *Id.* In addition, the court considered the pattern of escalation in [Appellant's] criminal conduct, from being a career drug dealer to someone willing to carry and use a gun, as demonstrated by his conduct in this case. *Id.* at 48-49. The court also considered [Appellant's] 11 prison misconduct violations as an aggravating factor. *Id.* at 49. Accordingly, the record establishes there were compelling reasons for the departure above the guidelines in this case.

- 22 -

Moreover, [Appellant's] claim that the court "imposed an excessive sentence because of [Appellant's] outburst at sentencing[,]" is without merit. Amended [PCRA] Petition[, 5/4/22,] at p. 33. During [Appellant's] allocution, he repeatedly shouted profanities, argued with the court, made obscene gestures, and proceeded to threaten the sentencing judge, which ultimately resulted in [Appellant] being forcefully removed from the courtroom. N.T., 2/7/2020, at 36-44. The court properly took into account [Appellant's] statements and behavior during sentencing, as it reflected [Appellant's] complete disdain for the rule of law. *Id.* at 45. However, as stated above, the court considered many factors in determining an appropriate sentence, with [**Appellant's**] **outburst only being one factor**.

Finally, there is no merit to [Appellant's] argument that the court failed to properly consider [Appellant's] mitigating factors. As stated above, the court explicitly considered [Appellant's] mitigating circumstances in this case, including [Appellant's] difficult home life and mental health issues. N.T., 2/7/2020, at 47.

Accordingly, the record establishes that there were compelling reasons for the departure above the guidelines in this case, and that [Appellant's] sentence was fully commensurate with [Appellant's] criminal conduct. Therefore, **as [Appellant's] sentence was well justified and would not have been changed, [Appellant] suffered no prejudice from appellate counsel's failure to appeal the denial of [Appellant's PSM] for reconsideration of sentence**.

PCRA Court Opinion, 3/27/23, at 10-12 (emphasis added; footnote and some citations omitted; some capitalization and citations modified).

Our review confirms the PCRA court's foregoing reasoning is again supported by the record and the law. Thus, we conclude the PCRA court did not abuse its discretion in rejecting Appellant's claim of appellate counsel's ineffectiveness. *See id.*; *see also Treiber*, 121 A.3d at 445 ("counsel cannot

be deemed ineffective for failing to raise a meritless claim"). Appellant's fourth issue does not merit relief.

In his fifth and final issue, Appellant claims the PCRA court improperly denied his PCRA petition without holding an evidentiary hearing "on the issue raised in Appellant's amended PCRA petition regarding the plea offer." Appellant's Brief at 16.

This Court has explained:

A PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record … to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) (citations and brackets omitted; formatting modified); *see also Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (where there are no genuine issues of material fact that exist with respect to a claim in a PCRA petition, the PCRA court is not required to hold an evidentiary hearing).

We have already determined the PCRA properly denied relief on Appellant's ineffectiveness claim implicating the guilty plea agreement offer.

Therefore, the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing on Appellant's PCRA petition. **Williams**, **supra**.

Based on the foregoing, we affirm the PCRA court's order denying Appellant's first PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2024